IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

ASGHAR R. SADRI,                    )  Civ. No. 06-00430 ACK-KSC
                                    )
          Plaintiff,                )
                                    )
     v.                             )
                                    )
KURT ULMER; MONTANA BEACH LLC;      )
COUNTY OF MAUI; COUNTY OF MAUI      )
DEPARTMENT OF PLANNING; COUNTY      )
OF MAUI DEPARTMENT OF PUBLIC        )
WORKS AND WASTE MANAGEMENT;         )
COUNTY OF MAUI PLANNING             )
COMMISSION; MICHAEL W. FOLEY;       )
RANSOM PILTZ; BERNICE LU;           )
PATRICIA EASON, JOHANNA AMORIN;     )
DIANE SHEPARD; NICANOR              )
CASUMPANG, JR.; SUZANNE FREITAS,    )
et al.,                             )
                                    )
          Defendants.               )
_____ )


## ORDER GRANTING IN PART AND DENYING IN PART COUNTY DEFENDANTS' MOTION TO DISMISS


### BACKGROUND

          Asghar R. Sadri ("Plaintiff") brings the instant

Complaint against the County of Maui, the Maui Planning

Commission ("MPC") and its members, the County of Maui Department

of Planning and its Director, the County of Maui Department of

Public Works and Waste Management (collectively "County

Defendants"), and various other defendants, alleging injury as a

result of the County Defendants' decisions on August 1 and 2,

2001 to rescind a shoreline management area ("SMA") exemption that it had previously granted for land to which Plaintiff allegedly had a property interest, and to suspend building permits that had been obtained for that land.[1/]  Plaintiff had previously entered into a DROA on January 17, 2000 to purchase the property from Kurt Ulmer.  See Complaint at ¶31.[2/]

The Complaint alleges four causes of action: (1) substantive and procedural due process and equal protection violations, in violation of 42 U.S.C. § 1983; (2) injunctive and declaratory relief and equitable estoppel; (3) failure to train and supervise/maintenance of illegal customs and policies by the County of Maui, in violation of 42 U.S.C. § 1983; and (4) conspiracy to violate civil rights and failure to prevent conspiracy to violate civil rights by the individual defendants, in violation of 42 U.S.C. §§ 1985(3).  See Complaint at 9, 21, 23, 25.[3/]

_____

[1/]The factual recitation contained herein is made for background purposes only and does not constitute any finding of fact.

[2/]It appears that Plaintiff and Ulmer are in privity.

[3/]Count 4 of the Complaint does not state the statute under which it is being alleged.  The Court interprets the count to allege a cause of action pursuant to 42 U.S.C. § 1985(3).  Although the count could arguably be read to allege a cause of action pursuant to 42 U.S.C. § 1986 also, the Court notes that § 1986 contains a one-year statute of limitations.  See 42 U.S.C. § 1986.  As discussed, infra, Plaintiff's allegations revolve around a decision issued by the MPC almost two-years prior to the
(continued...)

County Defendants filed Defendants' Motion to Dismiss Complaint for Injunctive and Declaratory Relief and Damages Filed on August 8, 2006 and an accompanying Memorandum in Support ("Motion to Dismiss") on October 23, 2006.  Defendant Montana Beach, LLC filed a Statement of No Position and Non-Appearance at Hearing on County Defendants' Motion to Dismiss, on November 28, 2006.[4]  Plaintiff filed an Opposition to the Motion to Dismiss on November 22, 2006 and an errata to the Opposition on February 13, 2007.  County Defendants filed a Reply on February 22, 2007.

The Court held a hearing on March 5, 2007.  At that hearing, County Defendants withdrew the portion of the Motion to Dismiss relating to issues of quasi-judicial and qualified immunity for the individually named defendants because County Defendants' argument relied on a declaration made outside of the Complaint.  Instead, County Defendants represented that they will file a separate motion for partial summary judgment on the immunity issues.  Accordingly, the Court will not consider the immunity issues in this order.

---

[3]/(...continued)
filing of the instant lawsuit.  Plaintiff does not make allegations regarding conduct occurring after that time. Therefore, even if the Court interpreted the Complaint to allege a cause of action pursuant to § 1986, that cause of action would be time barred.

[4]/Defendant Kurt Ulmer made no appearance on the Motion to Dismiss and, according to Plaintiff's counsel, resides outside of the United States and has not been served with the Complaint.

## STANDARD

Under Federal Rule of Civil Procedure 12(b)(6) ("Rule 12(b)(6)"), in deciding a motion to dismiss for failure to state a claim upon which relief can be granted, this Court must accept as true the plaintiff's allegations contained in the complaint and view them in the light most favorable to the plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974); Wileman Bros. & Elliott, Inc. v. Giannini, 909 F.2d 332, 334 (9th Cir. 1990); Shah v. County of Los Angeles, 797 F.2d 743, 745 (9th Cir. 1986). Thus, the complaint must stand unless it appears beyond doubt that the plaintiff has alleged no facts that would entitle him to relief. Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Balistreri v. Pacifica Police Dept., 901 F.2d 696, 699 (9th Cir. 1990). A complaint may be dismissed as a matter of law for two reasons: (1) lack of a cognizable legal theory or (2) insufficient facts alleged under a cognizable legal theory. Balistreri, 909 F.2d at 699, Robertson v. Dean Witter Reynolds, Inc., 749 F.2d 530, 533-34 (9th Cir. 1984).

In essence, as the Ninth Circuit has stated, "[t]he issue is not whether a plaintiff's success on the merits is likely but rather whether the claimant is entitled to proceed beyond the threshold in attempting to establish his claims." De La Cruz v. Tormey, 582 F.2d 45, 48 (9th Cir. 1979). The Court must determine whether or not it appears to a certainty under

4

existing law that no relief can be granted under any set of facts that might be proved in support of plaintiff's claims.   Id.

A motion under Rule 12(b)(6) should also be granted if an affirmative defense or other bar to relief is apparent from the face of the complaint, such as lack of jurisdiction or the statute of limitations.   2A J. Moore, W. Taggart & J. Wicker, Moore's Federal Practice, ¶12.07 at 12-68 to 12-69 (2d ed. 1991 & supp. 1191-92) (citing Imbler v. Pachtman, 424 U.S. 409 (1976) (emphasis added)).

In considering the Motion to Dismiss in this case, in addition to the Complaint, the Court will consider the MPC's August 10, 2004 Findings of Fact, Conclusions of Law, Decision and Order ("MPC Decision"), through the doctrine of incorporation by reference.   "The [incorporation by reference] doctrine permits a district court to consider documents 'whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the [plaintiff's] pleading.'"   In re Silicon Graphics Inc. Securities Litigation, 183 F.3d 970, 986 (9th Cir. 1999)(quoting Branch v. Tunnell, 14 F.3d 449, 454 (9th Cir. 1994)).   "This doctrine allows a court to consider documents beyond the pleadings without converting the motion to dismiss to a motion for summary judgment."   Knievel v. ESPN, Inc., 223 F. Supp. 2d 1173, 1177 (D. Mont. 2002) (citing Van Buskirk v. CNN, 284 F.3d 977, 980 (9th Cir. 2002)).   The

Court declines to consider any other document beyond the
Complaint.

## DISCUSSION

I.   **Statute of Limitations for 1983 Claims**

   A.   **Two-Year Statute of Limitations Applies to Section 1983
        Claims**

        The U.S. Supreme Court has held that for each state,
the courts should "borrow and apply to <u>all</u> § 1983 claims the <u>one</u>
most analogous state statute of limitations." <u>Owens v. Ukure</u>,
488 U.S. 235, 240 (1989) (emphasis added) (citing <u>Wilson v.
Garcia</u>, 471 U.S. 261, 275 (1985)).  The U.S. Supreme Court
"expressly rejected the practice of drawing narrow analogies
between § 1983 claims and state causes of action," finding that
such an approach would risk confusion and unpredictability for
litigants.  <u>See</u> <u>Owens</u>, 488 at 248.  <u>See also</u> <u>Wilson v. Garcia</u>,
471 U.S. 261, 275 (1985) (selecting the one most appropriate
statute of limitations for § 1983 claims for each state promotes
"federal interests in uniformity, certainty, and the minimization
of unnecessary litigation"), <u>superseded in part by statute</u>,
Judicial Improvements Act of 1990, Pub.L. No. 101-650, Title III,
§ 313(a), 104 Stat. 5089, <u>as recognized in Jones v. R.R.
Donnelley & Sons Co.</u>, 541 U.S. 369, 379-80 (2004); <u>Pele Defense
Fund v. Paty</u>, 73 Haw. 578, 596, 837 P.2d 1247, 1259 (Haw. 1992)
(same).  Thus, "where state law provides multiple statutes of

limitations for personal injury actions, courts considering §
1983 claims should borrow the general or residual statute for
personal injury actions." Owens, 488 U.S. at 249-50.

In Hawaii, H.R.S. § 657-7 is the general personal
injury statute of limitations. See Linville v. State of Hawaii,
874 F. Supp. 1095, 1104 (D. Haw. 1994); Pele Defense Fund, 73
Haw. at 595, 597-98.[5/] Pursuant to Owens, therefore, the two-
year statute of limitations contained in H.R.S. § 657-7 governs §
1983 claims in Hawaii.  See Linville, 874 F. Supp. at 1104; Pele
Defense Fund, 73 Haw. at 595, 597-98.

The fact that the County of Maui is a defendant in this
case does not change the Court's analysis.  As discussed, the
U.S. Supreme Court has indicated a need to have one applicable
statute of limitations for § 1983 cases in each state, and has
stated that where state law provides multiple statutes of
limitations for personal injury actions, courts considering §
1983 claims should borrow the general statute for personal injury
actions.  See Owens, 488 at 248-50.  The six-month statute of
limitations contained in H.R.S. § 46-72, which applies to
personal injury claims against counties, is not the general

_____

[5/]H.R.S. § 657-7 states: "Actions for the recovery of
compensation for damage or injury to persons or property shall be
instituted within two years after the cause of action accrued,
and not after, except as provided in section 657-13."

personal injury statute of limitations of the State of Hawaii.[6/]
County Defendants' reliance on Kahale v. City and County of
Honolulu, 104 Haw. 341, 90 P.3d 233 (Haw. 2004) is misplaced.
Although Kahale explicitly overrules a prior Hawaii Supreme Court
case (Salavea[7/]) by finding that H.R.S. § 46-72 is the statute of
limitations applicable to tort actions against counties in the
State of Hawaii, Kahale did not overrule the Hawaii Supreme
Court's decision in Pele Defense Fund, which found (well after
the Salavea decision) that the two-year statute of limitations
contained in H.R.S. §657-7 is the "single, most appropriate
statute of limitations for all § 1983 claims" in Hawaii.   See
Kahale, 104 Haw. at 347 (explicitly overruling Salavea v. City

---

[6/]H.R.S. § 46-72 states:

> Before the county shall be liable for damages to any
> person for injuries to person or property received upon
> any of the streets, avenues, alleys, sidewalks, or
> other public places of the county, or on account of any
> negligence of any official or employee of the county,
> the person so injured, or the owner or person entitled
> to the possession, occupation, or use of the property
> so injured, or someone in the person's behalf, shall,
> within six months after the injuries are received, give
> the chairperson of the council of the county or the
> city clerk of Honolulu notice in writing of the
> injuries and the specific damages resulting, stating
> fully in the notice when, where, and how the injuries
> occurred, the extent thereof, and the amount claimed
> therefor.

[7/]In Salavea v. City and County of Honolulu, the court had
found that the statute of limitations contained in the State Tort
Liability Act, H.R.S. § 662-4, superseded the statute of
limitations for counties contained in H.R.S. 46-72.   55 Haw. 216,
517 P.2d 51 (Haw. 1973), overruled by Kahale, 104 Haw. at 347.

and County of Honolulu, 55 Haw. 216, 517 P.2d 51 (Haw. 1973), by applying the six-month statute of limitations to counties in tort actions, but not mentioning or addressing § 1983 claims or Pele Defense Fund); see also Pele Defense Fund, 73 Haw. at 595, 597-98; Cole v. State of Hawaii, County of Hawaii, et al., Civ. No. 05-00325 JMS-BMK, 2006 WL 278595 at *6 (D. Haw. Jan. 25, 2006) (applying two-year statute of limitations to § 1983 claim against the County of Hawaii); but see Tongson v. County of Maui, Civ. No. 05-00683 SOM-LEK, Order Granting in Part and Denying in Part Defendants' Motions for Summary Judgment at 19-20 (Dec. 15, 2006) (applying six-month statute of limitations to § 1983 claim against the County of Maui).[8]

Accordingly, the Court finds that a two-year statute of limitations applies to all of the § 1983 claims in this case. The Court declines to apply a different statute of limitations to § 1983 claims made against the County of Maui.

**B.    Notice of Claim Requirement Does Not Apply to Section 1983 Claims**

The Hawaii Supreme Court has found that H.R.S. § 46-72 is a statute of limitations for tort claims against counties. See Kahale, 104 Haw. at 345-48; see also Salavea v. City and County of Honolulu, 55 Haw. 216, 517 P.2d 51 (Haw. 1973),

---

[8]The Court notes that in the Tongson case before Judge Mollway, it appears that the parties did not brief the court on the Wilson or Owens decisions.

overruled by Kahale.   This Court has found, supra, that the six-month statute of limitations contained in H.R.S. § 46-72 does not apply to the § 1983 claims in this action.

Plaintiff appears to argue that H.R.S. § 46-72 contains a six-month notice of claim requirement that should be applied even if the Court declines to apply the six-month statute of limitations.   See Motion to Dismiss at 3, 4.   Plaintiff's argument fails because, to the extent that H.R.S. § 46-72 could be read to contain a notice of claim requirement for a § 1983 action, any such notice of claim requirement would be preempted by § 1983.   See Ellis v. City of San Diego, 176 F.3d 1183, 1191 (9th Cir. 1999); see also Felder v. Casey, 487 U.S. 131, 153 (1988).   Accordingly, the Court finds that Plaintiff was not required to provide the County of Maui with a notice of his claim within six months after the alleged injury.   But see Tongson v. County of Maui, Civ. No. 05-00683 SOM-LEK, Order Granting in Part and Denying in Part Defendants' Motions for Summary Judgment at 19-20 (Dec. 15, 2006) (applying six-month statute of limitations and notice of claim requirement contained in H.R.S. § 46-72 to § 1983 claim against the County of Maui).[9]

---

[9]The Court notes that in the Tongson case before Judge Mollway, it appears that the parties did not brief the court on the Ellis or Felder decisions.

> **C.** **Those Section 1983 Procedural Due Process and Equal**
> **Protection Claims That Accrued Prior to August 8, 2004**
> **Are Time Barred**

The Complaint in this case was filed on August 8, 2006.

Applying the two-year statute of limitations, any Section 1983

procedural due process and equal protection claims accruing prior

to August 8, 2004 are time barred.[10]  A federal claim generally

accrues for purposes of the statute of limitations when the

plaintiff knows or has reason to know of the injury which is the

basis of the action.  See Norco Construction, Inc. v. King

County, 801 F.2d 1143, 1145 (9th Cir. 1986).[11]

Although the Complaint does not allege a cause of

action for a Fifth Amendment takings in this case, the analysis

applicable to the ripeness and accrual of a takings claim is

instructive in this context, where the Complaint alleges

substantive due process, procedural due process, and equal

protection challenges to the application of land use regulations.

A "claim that the application of government regulations

effects a taking of property interest is not ripe until the

government entity has reached a final decision regarding the

application of the regulations to the property at issue."

---

[10]This section of the order addresses equal protection and
procedural due process claims brought pursuant to Section 1983.
Substantive due process claims will be addressed separately.

[11]Federal law determines when the statute of limitations
begins to run for a claim under § 1983.  Norco Construction, 801
F.2d at 1145.

McMillan v. Goleta Water District, 792 F.2d 1453, 1457 (9th Cir. 1986) (finding that the takings claim accrued on the date of the final decision by the government entity and that the statute of limitations began to run on that date); see also Hoehne v. County of San Benito, 870 F.2d 529, 532 (9th Cir. 1989).[12/]   The Ninth Circuit applies this same "final decision" test to determine when a takings claim accrues for statute of limitations purposes: the statute of limitations for a takings claim begins to run on the date of the final decision by the governmental entity.   See McMillan, 792 F.2d at 1457; see also Norco Construction, 801 F.2d at 1146.   In addition to the takings context, the Ninth Circuit applies this same "final decision" analysis to determine the ripeness of due process and equal protection claims (made pursuant to Section 1983) arising out of the application of land use regulations.   Del Monte Dunes at Monterey, Ltd. v. City of Monterey, 920 F.2d 1496, 1507 (9th Cir. 1990); Hoehne, 870 F.2d at 532.   The analysis should also be applied to determine the date of accrual, for statute of limitations purposes, of due process and equal protection claims in the land use context.   See Levald, Inc. v. City of Palm Desert, 998 F.2d 680, 687 (9th Cir. 1993) ("Determining when the cause of action accrues is merely

---

[12/]A futility exception applies to the ripeness doctrine: if it would be futile for the plaintiff to comply with the "final decision" requirement, the claim is ripe for adjudication.   See Del Monte Dunes at Monterey, Ltd. v. City of Monterey, 920 F.2d 1496, 1507 (9th Cir. 1990); Hoehne, 870 F.2d 529, 534.

the corollary to the ripeness inquiry."); <u>Norco Construction</u>, 801 F.2d at 1146 ("The conclusion that a claim is premature for adjudication controls as well the determination that the claim has not accrued for purposes of limitations of actions.").

However, in "certain limited and appropriate circumstances," due process and equal protection claims (made pursuant to § 1983) concerning land use may accrue even when related Fifth Amendment 'as applied' taking claims have not yet accrued.  See <u>Carpinteria Valley Farms, Ltd. v. County of Santa Barbara</u>, 344 F.3d 822, 831 (9th Cir. 2003) (finding First Amendment, due process, and equal protection claims to be ripe for adjudication, despite unripeness of taking claim).  Where plaintiff's due process and equal protection injuries are separate from any purported taking, independent of whether or not the governmental entity's decision-making has been completed, and do not directly arise from or rely on a taking claim, those due process and equal protection claims will accrue even though the governmental entity has not made a final and authoritative determination of the development allowed on plaintiff's property. <u>Id.</u>, 344 F.3d at 831 (quoting <u>Harris v. County of Riverside</u>, 904 F.2d 497, 501 (9th Cir. 1990)); <u>see also</u> <u>Holland v. County of Maui</u>, 100 Fed. Appx. 683, 684 (9th Cir. June 7, 2004) ("Challenges to county acts that 'amount to actual, concrete injuries which are separate from any taking' and 'have already

13

occurred and do not depend on the finality of the County's determination of the permissible uses' of the property are 'not subject to the ripeness constraints applicable to regulatory takings.'") (quoting <u>Carpinteria</u>, 344 F.3d at 830-31).

In this case, Plaintiff alleges that the final decision by the governmental agency (the MPC) was issued on August 10, 2004.  <u>See</u> Complaint at 19.  County Defendants agree that the MPC has the final authority to make SMA exemption determinations and until it issued its decision on August 10, 2004, the County had not made its final decision.  <u>See</u> Motion to Dismiss at 8; <u>see also id.</u> at 2 (recognizing that the MPC's final decision was issued on August 10, 2004).

The Court finds those claims for equal protection and procedural due process violations that are dependent on whether or not the county's decision-making had been completed accrued on August 10, 2004 - the date of the MPC Decision.  For example, to the extent that Plaintiff alleges that County Defendants violated his procedural due process rights by failing to consider manifest injustice in reaching the MPC Decision, Plaintiff's claim accrued on the date the decision was issued.  Similarly, to the extent Plaintiff may be challenging the MPC Decision itself as unconstitutional, Plaintiff's claim accrued on the date the decision was issued.

However, to the extent that Plaintiff seeks to assert procedural due process and equal protection claims in the nature of those allowed to proceed in <u>Carpinteria</u>, for claims that are separate from any purported taking and independent of whether the County's decision-making had been completed, Plaintiff's claims are time barred.  <u>See</u> <u>Carpinteria</u>, 344 F.3d at 830-31.  Those discrete acts are not actionable as part of a continuing violation.  <u>Id.</u> at 828-29.  Challenges to County acts that occurred more than two-years prior to the filing of the Complaint on August 8, 2006 and that amount to actual, concrete injuries that are separate from any taking, and are not dependent on the finality of the County's determination of the permissible uses of the property, are barred by the two-year statute of limitations.  <u>See</u> <u>Holland</u>, 100 Fed. Appx. at 684.[13/]  For example, to the extent Plaintiff may be alleging a constitutional injury stemming from

---

[13/]Pursuant to Ninth Circuit Rule 36-3, <u>Holland</u> is not being cited as precedent.  However, the <u>Holland</u> case is factually related to the instant case because the plaintiff in <u>Holland</u> was one of the owners of the parcel of land at issue in this case, along with Plaintiff.  The plaintiff in <u>Holland</u> brought suit for equal protection and due process violations prior to the MPC's issuance of the MPC Decision, and the Ninth Circuit reversed the district court, finding that the plaintiff's claims were ripe for adjudication.  The Ninth Circuit found that the plaintiff's injuries stemming from the revocation of the SMA exemption had already occurred and did not depend on the MPC's final decision.  <u>See</u> <u>Holland</u>, 100 Fed. Appx. at 684.  If this Court, in the instant case, were to find that the same claims that were found to be ripe in <u>Holland</u> did not accrue until issuance of the MPC Decision in August 2004, this Court would be ruling in direct contradiction to the Ninth Circuit's <u>Holland</u> decision.

the revocation of his SMA exemption and suspension of his building permits in 2001 that is independent of the County's final determination, and for which Plaintiff would have been injured no matter what decision the MPC reached in 2004, Plaintiff's claim accrued in 2001 and is time barred.

Accordingly, any procedural due process and equal protection claims (brought pursuant to Section 1983) that accrued prior to August 8, 2002 are dismissed as time barred.[14]

## II.  Section 1983 Claim for Equal Protection Against the County

The Equal Protection Clause ensures that all persons similarly situated should be treated alike.  See Squaw Valley Development Co. v. Goldberg, 375 F.3d 936, 944 (9th Cir. 2004). This equal protection guarantee protects groups as well as individuals who would constitute a "class of one."  Id.  Where a government's action does not implicate a fundamental right or a suspect classification, the plaintiff can succeed on an equal

---

[14]The parties do not discuss what statute of limitations applies to Plaintiff's claims brought pursuant to § 1985(3) or the doctrine of equitable estoppel, instead focusing only on the applicable statute of limitations for a § 1983 claim.  Therefore, at this time, the Court declines to analyze the issue of whether the equitable estoppel or Section 1985(3) claims could be time barred.  Nonetheless, the Court notes that claims brought pursuant to § 1985(3) are subject to the same two-year statute of limitations as § 1983 claims.  McDougal v. County of Imperial, 942 F.2d 668, 673-74 (9th Cir. 1991) ("suits under § 1985(3) are also best characterized as personal injury actions and are governed by the same statute of limitations as actions under § 1983"); see also Cole v. State of Hawaii, County of Hawaii, et al., Civ. No. 05-00325 JMS-BMK, 2006 WL 278595 at *7 (D. Haw. Jan. 25, 2006).

protection claim by demonstrating that he has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment.  See id. Where an equal protection claim is based on selective enforcement of valid laws, a plaintiff can show that the defendants' rational basis for selectively enforcing the law is a pretext for an impermissible motive.  Id.

County Defendants argue that Plaintiff's equal protection claim should be dismissed because the Complaint contains "no allegations that Plaintiff was treated differently from others similarly situated."  See Motion to Dismiss at 6. Contrary to County Defendants argument, the Complaint contains allegations that Plaintiff was treated differently – that the owners of the subject property were treated differently from other similarly situated property owners.  For example, the Complaint alleges that the County of Maui "targeted only the Subject Property owners and elected to rescind only their SMA exemptions, while not rescinding any other condominium property regime projects or owners which had previously been exempted from the SMA process."  Complaint at 18, ¶ 56.

Accordingly, the Court finds that the Complaint alleges that Plaintiff (along with the other owners of the subject property) was treated differently than other similarly situated individuals.  Since County Defendants make no additional

17

arguments about the inadequacy of the allegations contained in
Plaintiff's equal protection claim, the Court will not address
whether any such inadequacies exist.

## III. Section 1983 Claim for Due Process Against the County

### A.   Substantive Due Process

Plaintiff alleges that County Defendants violated his
substantive due process rights.  The Due Process Clause of the
Fourteenth Amendment to the United States Constitution provides,
in pertinent part, that no state shall "deprive any person of
life, liberty, or property, without due process of law."  U.S.
Const. amend XIV § 1.  The substantive component of the Due
Process Clause forbids the government from depriving a person of
life, liberty, or property in such a way that shocks the
conscience or interferes with rights implicit in the concept of
ordered liberty.  Squaw Valley, 375 F.3d at 948.

The use of substantive due process to extend
constitutional protection to economic and property rights has
been largely discredited.  Id. at 949.  When an explicit textual
provision of the Constitution protects against the challenged
government action, the claim must be analyzed under that specific
provision alone and not under the more general guarantee of
substantive due process.  Buckles v. King County, 191 F.3d 1127,
1137 (9th Cir. 1999); Armendariz v. Penman, 75 F.3d 1311, 1324
(9th Cir. 1996).

The Takings Clause of the Fifth Amendment to the U.S. Constitution provides that private property shall not "be taken for public use, without just compensation." U.S. Const. amend. V.  The Ninth Circuit has held that "substantive due process claims based on governmental interference with property rights are foreclosed by the Fifth Amendment's Takings Clause." Squaw Valley, 375 F.3d at 949; see also Madison v. Graham, 316 F.3d 867, 870-71 (9th Cir. 2002); Buckles, 191 F.3d at 1137-38; Armendariz, 75 F.3d 1311 at 1324.

Accordingly, the Court finds that Plaintiff's substantive due process claim is preempted by the Takings Clause. The Court notes that Plaintiff has failed to allege a separate claim under the Fifth Amendment; Plaintiff has not requested and the Court is not inclined to automatically convert the substantive due process claim into a takings claim.  Cf. Madison, 316 F.3d at 871 (declining to construe substantive due process claim as a takings claim where plaintiffs specifically indicated that they were not relying on the Takings Clause in the complaint).  If Plaintiff wishes to assert a takings claim, Plaintiff may file a motion to amend the complaint to allege such a claim.

**B.    Procedural Due Process**

Other than the statute of limitations argument discussed above, County Defendants' Motion to Dismiss does not

argue that Plaintiff's procedural due process claim against the County should be dismissed.[15/]   County Defendants' Reply, for the first time, argues that the procedural due process claim should be dismissed because Plaintiff does not have a protectable property right.  See Reply at 8-10.  Having raised this issue for the first time in their Reply, Plaintiff has not had adequate opportunity to brief this issue.  For this reason, the Court declines to reach the issue of whether Plaintiff has a property right for purposes of his due process claim.[16/]   County Defendants are free to raise this issue in a future motion.

## IV.   Equitable Estoppel Claim

The Hawaii Supreme Court has described equitable estoppel as "based on a change of position on the part of a land developer by substantial expenditure of money in connection with his project in reliance, not solely on existing zoning laws or on good faith expectancy that his development will be permitted, but

---

[15/]County Defendants make a vague argument that Plaintiff's allegation that the MPC did not determine issues of manifest injustice in its decision "is demonstrably wrong."  Motion to Dismiss at 7.  To the extent that this argument seeks dismissal of the due process claim, the Court finds that whether Plaintiff's allegations are factually "wrong" is not an appropriate issue for a motion to dismiss.

[16/]Similarly, County Defendants argue for the first time in their Reply that Plaintiff "had more than adequate due process."  See Reply at 10-11.  The Court declines to reach this issue since it was raised for the first time in the Reply, however, the Court also notes that it would have to rely on matters outside of the pleadings to make such a determination.

on official assurance on which he has a right to rely that his project has met zoning requirements, that necessary approvals will be forthcoming in due course, and he may safely proceed with the project." County of Kauai v. Pacific Standard Life Insurance Co., 65 Haw. 318, 327, 653 P.2d 766, 774 (Haw. 1982) (citing Life of the Land v. City Council, 61 Haw. 390, 606 P.2d 866 (Haw. 1980)); see also Denning v. County of Maui, 52 Haw. 653, 658-59, 485 P.2d 1048, 1051 (Haw. 1971) (for county to be equitably estopped from enforcing ordinance against plaintiff, plaintiff must have been given assurances by the county that his proposed construction met zoning requirements and plaintiff must have had a right to rely on those assurances).  The "official assurance" on which a plaintiff is entitled to rely is the "final discretionary action" of the government.  See Pacific Standard Life Ins. Co., 65 Haw. at 328.

County Defendants argue first that any money Plaintiff spent on construction after the building permits were suspended, the SMA exemption was rescinded, and the stop work order was issued on August 1 and 2, 2001 was not spent in reliance on the County's assurances that the construction could proceed.  The Court agrees that Plaintiff has alleged no justifiable reliance after August 1, 2001, when the County informed him that he may not build on the land.  Accordingly, Plaintiff cannot recover on an equitable estoppel theory for any expenditures he made on

construction after that date.  However, Plaintiff may be able to recover for expenditures made prior to that date.

County Defendants argue secondarily that the final discretionary action in this case was the MPC's Decision in August 2004, and that Plaintiff was not entitled to rely on any assurance made prior to that date.  See Motion to Dismiss at 8. The Court finds that Plaintiff has alleged (although not using the explicit phrase) that the "final discretionary action" for equitable estoppel purposes was the issuance of building permits and SMA exemptions prior to August 1, 2001.  The parties have presented no argument as to what constitutes a "final discretionary decision" for equitable estoppel purposes, what factors the Court should use to make such an evaluation, or why the issuance of the building permits and SMA exemptions were or were not final discretionary decisions in this case.[17]  Having received no briefing from the parties on the issue, the Court declines to address at this time whether Plaintiff's allegation that he justifiably relied on official assurances (that were final discretionary decisions) fails as a matter of law.

---

[17]However, at the hearing, County Defendants' counsel mentioned that the permits issued to Plaintiff were conditional permits issued "at your own risk".  In an unrelated argument in the Motion to Dismiss, County Defendants may suggest that the decision by the Planning Director - not the MPC decision - is the final discretionary decision, stating that an "SMA exemption determination is a decision by the Maui Planning Director (subject to appeal . . .)."  See Motion to Dismiss at 11.

**V.     Section 1983 Claim for Failure to Train and Supervise Against the County**

A county's failure to train or supervise can amount to a policy or custom that is sufficient to form the basis of liability under § 1983.  See Anderson v. Warner, 451 F.3d 1063, 1070 (9th Cir. 2006) (finding that to hold the county liable under § 1983, plaintiff must show that he possessed a constitutional right of which he was deprived, the county had a policy, that policy amounts to a deliberate indifference to his constitutional rights, the policy is the moving force behind the constitutional violation, there is a direct causal link between the policy and the injury, and the injury resulted from a permanent and well settled practice).

County Defendants argue, without elaboration, that Plaintiff's claim fails simply because "[n]o illegal customs or policies are described in the Complaint."  Motion to Dismiss at 9.  The Court finds that the Complaint alleges that the County of Maui had unconstitutional customs and policies and that those alleged customs and policies are described in the Complaint. See, e.g., Complaint at 23, ¶ 74 (incorporating by reference all previous allegations contained in the Complaint); id. at 23, ¶ 75 (alleging that the county "developed, ratified and maintained policies, customs, regulations . . . which caused, encouraged, tolerated and approved the above-described conduct"); id. at 14 (discussing "long-standing practice" of the County to issue SMA

23

exemptions where two or three single family residences are constructed on a single property and a condominium property regime is used to divide the ownership interest in the underlying parcel); id. at 17, ¶ 49 (describing a changed county "policy" to allow only one residence on the lot).

## VI. Duplicative Claims

County Defendants argue that the claims against the County of Maui Department of Planning, County of Maui Department of Public Works and Waste Management, and County of Maui Planning Commission duplicate the identical claims against the County of Maui since the departments and commission are part of the County of Maui. See County of Maui Charter Article 8. County Defendants also argue that the claims against Director Foley and the MPC members in their official capacities duplicate the identical claims against the County of Maui, since suit against a government officer in his official capacity is the same as a suit against the government entity of which the officer is an agent. See McMillan v. Monroe County, Alabama, 520 U.S. 781, 785 n. 2, (1997) ("A suit against a government officer in his official capacity is the same as a suit against the entity which the officer is an agent and a victory in such an official capacity suit imposes liability on the entity that the officer represents.") (internal citations, brackets, and quotations omitted).

Plaintiff does not dispute County Defendants' argument on this issue.  In fact, Plaintiff's counsel conceded at the hearing that claims against County officials in their official capacities are duplicative of claims against the County and should be dismissed.  Accordingly, Plaintiff's claims against the MPC members and Director Foley in their official capacities are dismissed.  Plaintiff's claims against these individual defendants for violation of § 1985(3) remain (and will be the subject of a motion for partial summary judgment that County Defendants intend to file).

Similarly, the claims against the County of Maui Department of Planning, County of Maui Department of Public Works and Waste Management, and County of Maui Planning Commission are dismissed because the claims are duplicative of the claims against the County of Maui.  No claims remain against these departments and commission.

## <u>CONCLUSION</u>

The Court grants in part and denies in part the Motion to Dismiss as it applies to the County of Maui, dismissing against the County all procedural due process and equal protection claims under Section 1983 that accrued prior to August 8, 2004, and dismissing the substantive due process claim under Section 1983.

The Court grants the Motion to Dismiss as it applies to

25

claims against the County of Maui Department of Planning, the County of Maui Department of Public Works and Waste Management, and the County of Maui Planning Commission.  No claims remain against these defendants.

The Court grants the Motion to Dismiss as it applies to the official capacity claims against Director Foley and Commissioners Piltz, Lu, Eason, Amorin, Shepard, Casumpang, and Freitas.  No official capacity claims remain against these defendants; however, individual capacity claims remain against these defendants at this time.

The Motion to Dismiss is otherwise denied.

Defendants Kurt Ulmer and Montana Beach LLC took no position on the Motion to Dismiss and remain parties in this action.

IT IS SO ORDERED.

DATED:  Honolulu, Hawaii, March 20, 2007.


Alan C. Kay
Sr. United States District Judge

26